IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PAUL FORRESTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No.**_____ |
| | § | |
| **ZIMMER, INC., a Delaware corporation;** | § | |
| **ZIMMER HOLDINGS, INC., a Delaware** | § | |
| **corporation; ZIMMER PRODUCTION,** | § | |
| **INC., a Delaware corporation, a Delaware** | § | |
| **corporation; and ZIMMER US, INC., a** | § | |
| **Delaware corporation,** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

COMES NOW, PAUL FORRESTER, Plaintiff herein, complaining of ZIMMER, INC. a

Delaware corporation; ZIMMER HOLDINGS, INC., a Delaware corporation; ZIMMER

PRODUCTION, INC., a Delaware corporation; and ZIMMER US, INC., a Delaware corporation,

Defendants herein, and for cause of action says:

### Parties

1.      Plaintiff Paul Forrester (herein "Plaintiff") is a citizen and resident of Cavergne,

Tennessee.

2.      Defendant Zimmer, Inc. Is a corporation organized under the laws of the State of

Delaware, doing business in the State of Texas, with its principal place of business in Indiana;

and may be served with process by serving its registered agent for service, Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

3.      Defendant Zimmer Holdings, Inc. Is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4.      Defendant Zimmer Production, Inc. is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5.      Defendant Zimmer US, Inc. is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

6.      Defendant Zimmer, Inc., Defendant Zimmer Holdings, Inc., Defendant Zimmer Production, Inc., and Defendant Zimmer US, Inc. shall hereinafter, jointly and severally, be referred to as "Defendant" or "Zimmer."

### Jurisdiction

This Court possesses Federal Diversity Jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy:

(a)      exceeds the sum or value of $75,000.00, exclusive of interest and costs; and

(b)      is between citizens of different states.

## Venue

This Court possesses venue of this civil action under 28 U.S.C. § 1391(a) because:

(a)      jurisdiction of this civil action is founded only on diversity of jurisdiction; and

(b)      is a judicial district:

          (1)      where any Defendant resides, and all Defendants reside in the State of Texas.

## Statement of Facts Applicable to All Counts

1.      On or about February 1, 2005, Geoffrey Tomkins, MD performed a left hip arthroplasty at Santa Rosa Memorial Hospital in California on Paul Forrester. During such surgery, a hip implant believed to be designed, manufactured and marketed by Zimmer was implanted into Plaintiff's left hip. Plaintiff believes such hip implant included the folloiwng components, hereinafter also referred to as hip prosthesis:

Zimmer Trilogy 52 mm Cluster Acetabular Shell
Cat: 6200-52-22
Lot: 60237287

Zimmer Trilogy Liner
Cat: 6120-50-28
Lot: 60185854

Zimmer Versys Femoral Head
Cat: 8018-28-02
Lot: 60218209

Zimmer Versys Femoral Stem
Cat: 65-7862-14
Lot: 60125237

2.      Due to continued pain, on or about September 13, 2005, Geoffrey Tompkins, MD performed a revision of Plaintiff's left hip and replaced the acetabular liner and femoral head with a Trilogy Acetabular Longevity Linger, Cat: 6305-50-36, Lot: 60296437 and Versys Femoral Head, Cat: 8018-36-03, Lot: 60220710.

3.      Thereafter, in or around October 2008, Plaintiff began to experience pain in his left hip. When radiographs revealed that the acetabular cup was completely loose, Plaintiff was again scheduled for revision surgery.

4.      On or about December 23, 2008, Plaintiff underwent surgery at Santa Rosa Memorial Hospital with removal and replacement of the acetabular shell, liner and femoral head. A Zimmer trabecular metal shell was placed with a Versys femoral head.

5.      Defendant Zimmer was in the business of designing, manufacturing, marketing and selling hip prostheses.

6.      Defendant Zimmer sold the hip prostheses to Plaintiff, or to his physicians on his behalf.

7.      Plaintiff believes that Defendant Zimmer obtained approval from the United States Food and Drug Administration (FDA) to market the hip prostheses under a 510(k) procedure and not under a pre-market approval (PMA) procedure.

8.      The hip prostheses reached Plaintiff without substantial change from the time it left Defendant Zimmer's possession and control.

## Count One

For strict liability cause of action against Defendant, Plaintiff says:

1.      Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2.      The hip prostheses contained a manufacturing, design or marketing defect, more particularly set forth below.

## *Manufacturing Defect*

3. The hip prostheses may have contained a manufacturing defect. Plaintiff has been unable to conduct discovery and investigation into whether the hip prostheses contained a manufacturing defect. However, the device may have been missing certain parts.

4. The hip prostheses may have deviated, in its construction or quality, from the specifications or planned output. As more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur as to whether the hip prostheses contained a manufacturing defect.

## *Marketing Defect*

5. The hip prostheses contained one or more marketing defects, among others:

(a) there was an inherent risk in the intended or reasonably foreseeable use of the hip prostheses that it could become loose;

(b) Defendant knew or reasonably foresaw (or should have known or reasonably foreseen) the above risk.

(c) Defendant failed to warn Plaintiff or his physicians (or to adequately warn Plaintiff or his physicians of the above risk), failed to instruct Plaintiff or his physicians (or failed to adequately instruct Plaintiff or his physicians) how to safely use the hip prostheses, or both.

## *Design Defects*

6. The hip prostheses contained one or more of the following design defects, among others:

(a) it was unreasonably dangerous for its intended purpose because it had the propensity to become loose;

(b) the hip prosthesis is defective in that it has a high propensity of poor bone fixation to occur;

(c) the hip prosthesis is defective in that it has a high propensity for wear and fracture of the prosthesis to occur;

(d) the hip prosthesis was marketed in such a way as to mislead consumers regarding its safety and efficacy;

(e)     the hip prosthesis was manufactured without adequate quality controls; and

(f)     the hip prosthesis was inadequately tested to determine the cause of the high incidence of failures despite having received significant reporting of adverse events.

7.      A safer alternative design for the hip prostheses existed that would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the product's utility, and that was economically and technologically feasible at the time the hip prostheses left Defendant's control by the application of existing or reasonably achievable scientific knowledge.

*Unreasonable Dangerousness*

8.      The manufacturing and marketing defects, or any of them, rendered the hip prostheses unreasonably dangerous by making the hip prostheses dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community as to its characteristics.

9.      The design defect or defects rendered the hip prostheses unreasonably dangerous as designed considering the utility of the hip prostheses and the risks involved in its use.

*Producing Cause*

10.     The above defects, or any of them, were producing causes of Plaintiff's injuries and damages, more particularly set forth below.

**Count Two**

For negligence cause of action against Defendant, Plaintiff says:

1.      Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2.      Defendant owed Plaintiff a duty of reasonable care.  Defendant owed Plaintiff a duty to exercise care to discover dangerous propensities of the hip prostheses.  Defendant owed

Plaintiff a duty to exercise ordinary care in the design, production (manufacture) and sale

(marketing) of the hip prostheses.

3.    Defendant breached the duties it owed to Plaintiff, failed to exercise ordinary care,

and was negligent in the following particulars, among others:

(a)    designing, manufacturing and marketing a hip prosthesis that is defective in that it
has a high propensity of poor bone fixation to occur;

(b)    failing to warn consumers in general, and Plaintiff or his physicians specifically,
of the risk that the hip prostheses could become loose;

(c)    failing to adequately warn consumers in general, and Plaintiff or his physicians
specifically, of the risk that the hip prostheses could become loose;

(d)    failing to instruct consumers in general, and Plaintiff or his physician specifically,
of how to safely use the hip prostheses;

(e)    As more particularly set forth below, Plaintiff invokes the doctrine of res ipsa
loquitur.

4.    Each and every one of the foregoing acts or omissions, taken singularly or in any

combination, proximately caused Plaintiff's injuries and damages, more particularly set forth

below.

### Res Ipsa Loquitur

As a basis for application of res ipsa loquitur to this lawsuit, Plaintiff says:

1.    Plaintiff adopts by reference each and every Paragraph of the Statement of Facts

Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2.    The character of the incident made the basis of this lawsuit was such that it would

not ordinarily occur without negligence; and

3.    The hip prostheses was under the management and control of Defendant.

Defendant was in control of the hip prostheses at the time that the negligence (inferable from the

incident made the basis of this lawsuit) occurred, so that the reasonable probabilities point to the

Defendant and support a reasonable inference that Defendant was the negligent party.

4.      Defendant has superior knowledge or means of information to determine the cause of the incident made the basis of this lawsuit.

5.      By reason of the above and foregoing circumstances, among others, the jury is permitted to infer Defendant's negligence.

## Count Three

For Texas Deceptive Trade Practices Act (DTPA) cause of action against Defendants, Plaintiff says:

1.      Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2.      Plaintiff, or his physicians on his behalf, sought or acquired by purchase the hip prostheses.

*False, Misleading or Deceptive Act or Practice*

3.      Defendant used or employed one or more of the following deceptive acts or practices, among others:

  (a)     representing that the hip prostheses had characteristics, ingredients, uses or benefits it did not have;

  (b)     failing to disclose information regarding the hip prostheses which was known at the time of the transaction with the intent to induce consumers in general, and Plaintiff or his physicians specifically, into a transaction consumers in general, and Plaintiff or his physicians specifically, would not have entered into if Defendant had disclosed the information.

4.      Plaintiff, or his physicians on his behalf, relied on the above representation, failure to disclose, or both, to Plaintiff's detriment.

## Breach of Warranty

5.      Defendant breached one or more of the following express or implied warranties,

among others:

    (a)      the implied warranty of merchantability:

        (1)      Defendant sold the hip prostheses to Plaintiff, or to his physicians on his behalf;

        (2)      the hip prostheses was unmerchantable in being unfit for its ordinary purposes. The hip prostheses lacked something necessary for adequacy in that it failed to accomplish the purposes for which it was manufactured, or in being constructed in a manner that rendered it unreasonably dangerous.

## Producing Cause

6.      The foregoing conduct was a producing cause of Plaintiff's injuries and damages,

more particularly set forth below.

## Knowing Conduct

7.      Defendant engaged in the foregoing conduct knowingly.

8.      Defendant was actually aware, at the time of the above conduct, of the falsity,

deception, or unfairness of such conduct. Tex.Bus. & Comm. Code § 17.45(9).

9.      Defendant was actually aware of the act, practice, condition, defect, or failure

constituting the breach of warranty. Tex.Bus. & Comm. Code § 17.45(9).

## Intentionally

10.      Defendant engaged in the foregoing conduct intentionally.

11.      Defendant was actually aware of the falsity, deception, or unfairness of the above

conduct, or the condition, defect, or failure constituting a breach of warranty, and specifically

intended that Plaintiff, or his physicians on his behalf, act in detrimental reliance on the falsity or

deception or in detrimental ignorance of the unfairness. Tex. Bus. & Comm. Code § 17.45(13).

12.     Defendant acted with flagrant disregard of prudent and fair business practices to

the extent that the defendant should be treated as having acted intentionally.  Tex.Bus. & Comm.

Code § 17.45(13).

*Application to Claims for Bodily Injury or Mental Anguish*

13.     The DTPA applies to claims for bodily injury and mental anguish to the extent set

forth in Section 17.50(b) and (h).  Tex. Bus. & Comm. Code § 17.49(e).

14.     Section 17.50(b) of the Texas Business and Commerce Code provides, in

pertinent part, as follows:

> (b) In a suit filed under this section, each consumer who prevails may obtain:
>
>> (1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

Tex. Bus. & Comm. Code § 17.50(b).

15.     Thus, Plaintiff may recover:

(1)     his economic damages;

(2)     Since Defendant acted knowingly, damages for mental anguish and three times the amount of economic damages;

(3)     Since Defendant acted intentionally, damages for mental anguish, three times the amount of economic damages, and three times the amount of damages for mental anguish.

Tex. Bus. & Comm. Code § 17.50(b).

16.     Section 17.45(11) of the Texas Business and Commerce Code define economic

damages as follows:

(11) "Economic damages" means compensatory damages for pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.

Tex. Bus. & Comm. Code § 17.45(11). Thus, Plaintiff may recover for his pecuniary loss, including the costs of repairing or replacing the hip prostheses.

17. Pecuniary loss includes money and everything that can be valued in money.

*Kneip v. Unitedbank-Victoria*, 734 S.W.2d 130, 134 (Tex.App. - - Corpus Christi 1987, no writ).

18. Under Section 17.50(b), Plaintiff can also recover for mental anguish damages as well as discretionary additional damages, since Defendant engaged in the complained of conduct either knowingly or intentionally.

## Damages Applicable to All Counts

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2. Plaintiff hereby adopts by reference each and every Count of this Petition as if fully copied and set forth at length herein.

3. Plaintiff suffered sustained and incurred, and in reasonable medical probability will suffer, sustain and incur, the following injuries and damages as a producing or proximate result (or both) of Defendant's conduct, the defective hip prostheses, or both, among others:

(a) physical pain, past and future;

(b) mental suffering, past and future;

(c) physical impairment, past and future;

(d) physical disfigurement, past and future;

(e) reasonable and necessary medical bills, past and future;

(f) reasonable and necessary attorneys' fees;

(h)     costs of court.

## Punitive Damages

As a basis for imposition of punitive damages on Defendant, Plaintiffs say:

1.      Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2.      Plaintiff intends to prove by clear and convincing evidence that his injuries and damages, more particularly set forth below, resulted from gross negligence.

3.      The conduct of Defendant when viewed objectively from the standpoint of Defendant at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

4.      Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

5.      The acts, omissions, or both, of Defendant that constituted gross negligence include one or more of the following, among others:

(a)     designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity of poor bone fixation to occur;

(b)     failing to warn consumers in general, and Plaintiff or his physicians specifically, of the risk that the hip prostheses could become loose;

(c)     failing to adequately warn consumers in general, and Plaintiff or his physicians specifically, of the risk that the hip prostheses could become loose;

(d)     failing to instruct consumers in general, and Plaintiff or his physician specifically, of how to safely use the hip prostheses;

(e)     As more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur.

There was a high probability that the hip prostheses would become loose, resulting in a probability of serious injury.

6. Defendant knew of the above risk, but nevertheless proceeded with conscious indifference to the rights safety or welfare of consumers in general, and Plaintiff specifically.

As an alternative basis for imposition of punitive damages on Defendant, Plaintiffs say:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Petition as if fully copied and set forth at length herein.

2. Plaintiff intends to prove by clear and convincing evidence that her injuries and damages, more particularly set forth below, resulted from fraud, oppression or malice.

3. Defendant intentionally misrepresented material facts known to Defendant, concealed material facts known to Defendant, or deceived Plaintiff, with the intent to deprive Plaintiff of his rights or property.

4. Defendant engaged in despicable conduct with conscious disregard of the rights or safety of others.

5. Defendant engaged in despicable conduct that subjected persons to cruel and unjust hardship with conscious disregard of their rights.

6. Defendant knew of the probable harmful consequences of its wrongful acts, and willfully and deliberately failed to act to avoid those consequences.

## Statute of Limitations

Plaintiff first discovered less than two years before the filing of this lawsuit that the hip prostheses had become loose. A reasonable person would not made such discovery until such time. Thus, the statute of limitations did not commence to running until less than two years before the filing of this lawsuit.

## Application of California, Indiana or Tennessee Law

Plaintiffs hereby give notice that substantive California, Indiana or Tennessee law may apply to certain of the issues in this lawsuit because California, Indiana or Tennessee may have the most significant relationship to such issues; and that Texas law may apply to certain of the issues in this lawsuit because Texas may have the most significant relationship to such issues. Thus, Plaintiffs may apply California, Indiana or Tennessee law to some issues in this lawsuit.

## Jury Demand

Plaintiffs request trial by jury.

## Prayer

Plaintiffs pray that Defendant be cited to appear herein, and that upon final trial, Plaintiffs have judgment against Defendant for the following, among other things:

1. Compensatory damages in an amount above the minimum jurisdictional limits of the Court;

2. Punitive or exemplary damages in an amount above the minimum jurisdictional limits of the Court;

3. Pre-judgment interest according to Texas law;

4. Post-judgment interest according to Texas law;

5. Costs of court;

6. Such other and further relief to which Plaintiff shows himself justly entitled to receive.

Respectfully submitted,

**Houssiere, Durant & Houssiere, LLP**


By: \_\_\_/s/\_\_\_Monica C. Vaughan_____

      Monica C. Vaughan

      State Bar No. 00794784

1990 Post Oak Blvd., Suite 800

Houston, Texas 77056-3812

Telephone: (713)626-3700

Facsimile: (713)626-3709

ATTORNEYS FOR PLAINTIFF